```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
```

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. CR-07-108-RHW |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| v. | ) | MOTION TO RECONSIDER, AND |
| | ) | ORDER STAYING RELEASE UNTIL |
| JASON C. YOUKER, a/k/a Jason | ) | CLOSE OF BUSINESS, 9/10/07 |
| C. Dunkin, | ) | |
| | ) | |
| Defendant. | ) | |

At the September 6, 2007, hearing on Defendant's Motion to Reconsider, Assistant U.S. Attorney Earl A. Hicks appeared for the United States. Defendant was present with Assistant Federal Defender Robert Fischer.

The court finds the Defendant's grandmother, Dorothy Youker, who was present in court, is willing to reside with Defendant in East Wenatchee.

**IT IS ORDERED** the Motion to Reconsider **(Ct. Rec. 22)** is **GRANTED.** Defendant may be released on the following conditions:

1. The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, U.S. Probation Officers shall forthwith notify the United States Marshals' Service,

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER, AND ORDER STAYING RELEASE UNTIL CLOSE OF BUSINESS, 9/10/07 - 1

who shall immediately find, arrest and detain the Defendant. The Defendant shall be responsible for all costs of electronic monitoring. Except for court-related or case-related appearances and 2 hours each week for attendance at spiritual services, Defendant shall remain under home detention.

2. Defendant shall not commit any offense in violation of federal, state or local law.

3. Defendant shall advise the court and the United States Attorney in writing before any change in address.

4. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

5. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

6. Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office.

7. Defendant shall not possess a firearm, ammunition, destructive device or other dangerous weapon.

9. Defendant is further advised pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

10. Defendant shall refrain from the excessive use of alcohol, and the use or possession of a narcotic drug and other controlled

substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant shall undergo a substance abuse evaluation, as directed by a United States Probation Officer, and complete treatment indicated by the evaluation. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment. Defendant shall submit to a regular urinalysis, or related testing, as directed by a United States Probation Officer.

11. Defendant shall report to the United States Probation Office before or immediately after his release and shall report as often as they direct, at such times and in such manner as they direct. Defendant shall contact his attorney at least once a week.

12. Defendant shall post a $50,000 corporate surety bond, plus a $25,000 appearance bond, to be co-signed by his grandmother.

13. The Defendant shall not have contact, direct or indirect, with witnesses in this matter.

**Defendant is advised a violation of any of the foregoing conditions of release may result in the immediate issuance of an arrest warrant, revocation of release and prosecution for contempt of court, which could result in imprisonment, a fine, or both. Specifically, Defendant is advised a separate offense is established by the knowing failure to appear and an additional sentence may be imposed for the commission of a crime while on this release. In this regard, any sentence imposed for these violations is consecutive to any other sentence imposed.**

1 **IT IS FURTHER ORDERED** the United States Marshal shall keep Defendant in custody until notified by the District Court Executive or judicial officer that Defendant has posted bond and/or complied with all other conditions for release.  Until such time, Defendant shall be produced before the appropriate judicial officer at the time and place specified.

**Defendant's release is stayed until the close of business, September 10, 2007.**

DATED September 6, 2007.

```
          S/ CYNTHIA IMBROGNO
        UNITED STATES MAGISTRATE JUDGE
```